UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERMAINE POWELL, | ) |
|       Plaintiff/Counterclaim-Defendant, | ) |
| v. | ) No. 4:10CV795RWS |
| DAVID KEELING, | ) |
|       Defendant | ) |
| and | ) |
| J.B. HUNT TRANSPORT, INC., | ) |
|       Defendant/Counterclaim-Plaintiff/Third Party Plaintiff, | ) |
| v. | ) |
| ORMSBY TRUCKING, | ) |
|       Third Party Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Jermaine Powell filed this lawsuit seeking recovery for personal injuries from Defendants J.B. Hunt Transport Inc. and David B. Keeling in Missouri State Court. In his complaint, Powell requested judgment in excess of $20,000. Defendants removed the lawsuit to federal court, claiming that the amount in controversy will likely exceed $75,000 based on Powell's medical and

surgical costs as well as extensive attorney's fees. Powell has stipulated that the recoverable damages are less than $75,000 and has moved to remand. Because the amount-in-controversy requirement has not been met, I lack subject-matter jurisdiction and will grant Powell's motion to remand this lawsuit to state court.

*Background*

On or about March 9, 2010, Plaintiff Jermaine Powell sued Defendants J.B. Hunt Transport Inc. and David B. Keeling in state court, alleging that on April 12, 2009, Defendants' vehicle struck Powell and caused him to sustain numerous injuries. Powell is a citizen of Missouri. Keeling is a citizen of Oklahoma. J.B. Hunt is a Georgia corporation with its principal place of business in Arkansas.

Powell's complaint alleges "that Plaintiff's damages resulting from his injuries to his body are in the total sum of $20,000." Powell also alleges he underwent medical and surgical procedures and is disabled as a result of the collision. In his complaint, Powell requests damages in excess of $20,000.

Defendants removed this lawsuit from the state court to the United States District Court for the Eastern District of Missouri, claiming that the amount in controversy could reasonably exceed $75,000 based on Powell's surgical costs and extensive attorney's fees. After the case was removed, J.B. Hunt filed a counterclaim seeking recovery for property damage in excess of $40,000. J.B.

Hunt also filed a motion to consolidate this action with ALPHA Logistics, Inc., d/b/a USXL Worldwide, L.L.C. v. J.B. Hunt Transport, Inc. and David B. Keeling, 4:10CV1024TCM. Both cases are based on the same April 12, 2009 motor vehicle collision.

Powell has stipulated that his recoverable damages are less than $75,000 and moves to remand the case to the Circuit Court of the City of St. Louis.

*Discussion*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject-matter jurisdiction. See 28 U.S.C. § 1441(b). The party seeking removal and opposing remand has the burden to establish federal subject-matter jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of the remand. Id. at 183.

A claim may be removed only if it could have originally been brought in federal court. Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). Defendants removed this case based on diversity jurisdiction under 28 U.S.C. §

1332.  Under that statute, complete diversity of citizenship must exist, and the amount in controversy must exceed the sum or value of $75,000.

The amount in controversy is calculated by viewing "the situation at the time of removal." Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir.1969). The amount claimed by the plaintiff typically controls. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938).  "The party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir.1995).

Defendants argue that based on Powell's medical and surgical costs and his disability, a jury could reasonably find that damages exceed $75,000. Notwithstanding Defendants' <u>argument</u>, there is no <u>evidence</u> in the record that would establish that the amount in controversy exceeds $75,000.  Indeed, the only evidence in the record concerning the amount in controversy is Powell's stipulation that damages <u>do not exceed</u> $75,000.

Defendants also argue that Powell will likely incur extensive attorney's fees, and those fees should be considered when determining the amount in controversy. Attorney's fees, unless provided for by contract or statute, are not normally considered when determining the amount in controversy.  Crawford v. F. Hoffman-LaRoche, Ltd., 267 F.3d 760, 766 (8th Cir. 2001).  In this case, the record contains

no evidence that would suggest a statutory or contractual basis for an award of attorney fees. Moreover, Powell's complaint does not seek fees.

J.B. Hunt has moved to consolidate the present action with another case in the Eastern District of Missouri, <u>ALPHA Logistics, Inc., d/b/a USXL Worldwide, L.L.C. v. J.B. Hunt Transport, Inc. and David B. Keeling</u>, 4:10CV1024TCM. That motion is currently pending. Although in <u>ALPHA Logistics</u>, the alleged damages exceed $100,000, that fact has no bearing on whether I have subject-matter jurisdiction in <u>this</u> case because the cases have not been consolidated and, for purposes of diversity jurisdiction, the amount in controversy is determined at the time of removal.

Because the amount in controversy does not exceed $75,000, I lack subject-matter jurisdiction and must remand this action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jermaine Powell's motion to remand [#10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant J.B. Hunt's motion to consolidate [#12] is **DENIED as moot.**

**IT IS FURTHER ORDERED, ADJUDGED** and **DECLARED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

Dated this 7th Day of July, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE